UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE LEE MURRAY,

        Petitioner,                      Case Number: 06-13283
                                                     Honorable Paul D. Borman
v.


JOHN PRELESNIK,

        Respondent.
                                          /


**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY HABEAS CORPUS PETITION
AND ADMINISTRATIVELY CLOSING CASE</u>**

I.

Petitioner, currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a *pro se* petition for writ of habeas corpus with this Court on July 20, 2006, alleging that he is incarcerated in violation of his constitutional rights. Petitioner was convicted by a Genesee County, Michigan, circuit court jury for (1) first-degree premeditated murder, MICH.COMP.LAWS § 750.316, (2) two counts of kidnapping, MICH.COMP.LAWS § 750.349, (3) two counts of criminal sexual conduct in the first-degree, MICH.COMP.LAWS § 750.520b(1)(e), (4) felony firearm, MICH.COMP.LAWS § 750.227b, and (5) arson of an unoccupied dwelling, MICH.COMP.LAWS § 750.73. Presently before the Court is Petitioner's motion requesting that this Court stay his habeas-corpus petition until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. In his motion, Petitioner alleges that he has failed to exhaust his state-court remedies regarding the following: prosecutorial misconduct,

insufficient evidence, and actual innocence; Petitioner asks this Court to stay his petition in order for him to return to the state courts to present newly discovered evidence which would support those claims. For the following reasons, the Court stays Petitioner's petition so that he may return to state court to exhaust those claims. The Court will also administratively close the case.

II.

Petitioner was convicted of the above and sentenced by the trial court to (1) life imprisonment on each of the first-degree-murder, kidnapping, and criminal-sexual-conduct-in-the-first-degree convictions, (2) two years imprisonment for the felony-firearm conviction, and (3) five to ten years imprisonment for the arson-of-an-unoccupied-dwelling conviction.

Subsequently, Petitioner, through counsel, filed his right of appeal with the Michigan Court of Appeals, raising the following claims:

> I. [Petitioner] was denied his constitutional rights under the Michigan and United States Constitutions to the effective assistance of counsel by trial counsel's failure to properly present [Petitioner's] alibi defense to the charge of murder.
>
> II. [Petitioner] was denied his right to a fair trial under the Michigan and United States Constitutions due to the assistant prosecutor's improper comments during closing argument.
>
> III. [Petitioner] was denied his right to a fair trial under the Michigan and United States Constitutions due to the admission into evidence, over objection, of autopsy photos of the victim.

Then, Petitioner, acting in *pro se*, and with the aid of counsel, filed a supplement brief, raising the following additional claims:

> I. The reasonable doubt instruction was incomplete and

> erroneous and also violated [Petitioner's] due process rights.
>
> II. [Petitioner] was denied a fair trial by the erroneous admission of certain portions of testimony whose unfairly prejudicial effects substantively outweighed their probative value.
>
> III. Reversible error occurred when the prosecutor improperly expressed his personal opinion on the truthfulness of a witness' testimony during closing argument.
>
> IV. It was reversible error for the trial court to allow the prosecutor to call a witness whom the prosecution knew to be hostile for the primary purpose of eliciting otherwise inadmissible impeachment testimony.
>
> V. The trial court failed to caution the jury on the limited purpose of impeaching witness, Waymond Thomas.

While Petitioner's appeal was pending in the Michigan Court of Appeals, a *Ginther*[1] hearing was held on his ineffective assistance of counsel claim. However, the trial court, ruling on the record, denied relief, finding that trial counsel's failure to file a notice of alibi did not constitute ineffective assistance of counsel because the alleged alibi witnesses' testimonies did not provide Petitioner with a complete alibi and were conflicting.

Subsequently, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Murray*, No. 137294, 1996 WL 33349164 (Mich.Ct.App. Oct. 18, 1996) (unpublished) (*per curiam*). Thereafter, Petitioner, raising the same claims, filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Murray*, 456 Mich.862, 568 N,W,2d 679 (1997).

On August 28, 1998, Petitioner filed a motion for relief from judgment pursuant to

---

[1] *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

M.C.R. 6.500, raising the following:

> I. Ineffective assistance of trial counsel in, among other things, failing to call or permit the [Petitioner] to testify, failure to advise the [Petitioner] regarding his right to testify, and erroneously advising the [Petitioner] that he could not testify, failure to bring a suppression motion, prosecutorial misconduct, ineffective assistance of trial and appellate counsel and actual innocence.

The trial court, ruling on the record, denied Petitioner's motion for relief from judgment on November 27, 2003. *People v. Murray*, 90-43067-FC, pp. 3-15 (Genesee County Circuit Court, Nov. 27, 2003). Petitioner then filed his application for leave to appeal that decision in both state appellate courts; both denied his applications for leave to appeal. *People v. Murray*, No. 259509 (Mich.Ct.App. Aug. 16, 2005); *People v. Murray*, 474 Mich. 978, 707 N.W.2d 202 (2005). Following, Petitioner filed a writ for certiorari with the United States Supreme Court, which was denied on May 20, 2006. The instant petition involves the same issues as raised in both state appellate courts.

In his present motion, Petitioner requests a stay so that he can return to state court to exhaust the above-stated claims because of newly discovered evidence.

### III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state

supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' h[is] claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002).  The petitioner bears the burden of showing that state-court remedies have been exhausted.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which a petitioner may raise his unexhausted claims.  A petitioner can file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on a petitioner's claim.  A petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* M.C.R. 6.508(D)(3).  However, a petitioner would need to make a similar showing here, if the Court concluded that there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Here, the Court is aware that Petitioner has already filed one post-conviction motion in the Michigan courts.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction.  *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800

(E.D.Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F.Supp.2d at 800-01.

Petitioner contends that he has newly discovered evidence regarding his prosecutorial, ineffective assistance of counsel and actual innocence claims. It is unclear whether Petitioner is also alleging that appellate or trial counsel was ineffective for failing to discover this evidence. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable.

The Court therefore grants Petitioner's motion to stay his petition while he returns to the state courts to attempt to exhaust the above-stated claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

As indicated above, Petitioner's method of properly exhausting his claim or claims in the state courts would be through filing a second motion for relief from judgment with the Genesee County, Michigan, circuit court under M.C.R. 6.502(G)(2).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269 (2005).

In this case, Petitioner has shown the need for a stay. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts so the state courts will have an opportunity to decide whether those claims have merit. Furthermore, the claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Petitioner will most likely assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims. *See Rhine*, 544 U.S. at 277-278.

To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer*, 276 F.3d at 781. Petitioner must present his claims in state court within sixty (60) days from the date of this Order. *Id.* Further, he must ask this Court to lift the stay within sixty (60)days of exhausting his state-court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

IV.

Accordingly,

**IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state-court remedies. The case shall be stayed, provided that (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

          s/Paul D. Borman  
          PAUL D. BORMAN  
          UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 28, 2008.

          s/Denise Goodine  
          Case Manager