UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE LEE MURRAY,

    Petitioner,

CASE NO: 2:06-cv-13283

v.

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO LIFT STAY AND ORDERING THE CLERK OF THE COURT TO REOPEN THESE HABEAS PROCEEDINGS, (2) DIRECTING PETITIONER TO FILE AN AMENDED PETITION, (3) ORDERING SERVICE UPON RESPONDENT AND DIRECTING RESPONDENT TO FILE ANY SUPPLEMENTAL RESPONSIVE MATERIALS, AND (4) DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF SUBSTITUTE COUNSEL**

## I. INTRODUCTION

This is a habeas case filed under 28 U.S.C. § 2254. On July 20, 2006, Petitioner Willie Lee Murray, through counsel, filed a Petition for Writ of Habeas Corpus, challenging his 1990 Genesee County Circuit Court jury convictions for one count of first-degree murder, two counts of kidnapping, two counts of first-degree criminal sexual conduct, one count of felony firearm, and one count of arson of an unoccupied dwelling. Presently, Petitioner is incarcerated by the Michigan Department of Corrections at the Thumb Correctional Facility in Lapeer, Michigan, where he is serving concurrent terms of life in prison for the murder, criminal sexual conduct, and kidnapping convictions, five to ten years for the arson conviction, and a consecutive two-year prison term for the felony-firearm conviction.

After Petitioner filed his Habeas Petition, on July 15, 2008, he filed a Motion to Stay, requesting that the Court stay his habeas proceedings in order for him to return to state court to

exhaust the following additional claims: prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and actual innocence. Petitioner alleged that he had newly-discovered evidence regarding those claims. On July 28, 2008, the Court granted the Motion in order for Petitioner to return to state court to exhaust his state-court remedies and administratively closed the case.

Pending before the Court is Petitioner's "Motion to Lift Order Granting Petitioner's Motion to Stay Habeas Corpus Petition," filed on August 3, 2011. On that same date, Petitioner also filed a "Motion to Appoint Substitute Counsel to Replace Retained Counsel."

For the reasons stated, the Court grants Petitioner's request to lift the stay in his habeas proceedings and directs the Clerk of the Court to reopen this matter. The Court denies Petitioner's request for substitute counsel.

## II. DISCUSSION

### A. Motion to Lift Stay

In his Motion to Lift the Stay, Petitioner states that he has exhausted his state-court remedies through collateral review in state court regarding his claims. He filed a Second Motion for Relief from Judgment, pursuant to Michigan Court Rule 6.500, which the trial court denied on June 24, 2009. *People v. Murray*, No. 90-43067-FC (Genesee Cnty. Cir. Ct. June 24, 2009). Subsequently, Petitioner filed a Delayed Application for Leave to Appeal the denial of his Motion for Relief from Judgment with the Michigan Court of Appeals, which was denied on June 4, 2010. *People v. Murray*, No. 296537 (Mich. Ct. App. June 4, 2010). His Application for Leave to Appeal that decision was denied by the Michigan Supreme Court on February 7, 2011. *People v. Murray*, 488 Mich. 1038, 793 N.W.2d 704 (2011) (Table). Because Petitioner timely returned to this Court requesting that the stay be lifted and the case reopened, the Court grants his Motion and lifts the stay.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state-court remedies. *See* e.g. *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is alleging that his claims have been exhausted with the state courts, his Petition is now ripe for consideration.

Accordingly, the Court orders the Clerk of the Court to reopen these habeas proceedings. Petitioner is directed to file an Amended Habeas Petition within sixty days from the date of this Order, adding to the Amended Petition the additional claims filed in the state court in his Second Motion for Relief from Judgment.

The Court also will allow Respondent to file any Supplemental Pleadings, and any necessary additional Rule 5 materials, within sixty days from the date Respondent receives Petitioner's Amended Habeas Petition, if he so chooses.

The Court also will give Petitioner forty-five days, from the receipt of any Supplemental Pleadings filed by Respondent, to file a Reply Brief, if he so chooses.

**B.     Motion for Substitute Counsel**

Petitioner also has requested the appointment of substitute counsel to assist him with his Petition. Petitioner initially had retained counsel but after his habeas proceedings were stayed, counsel terminated his representation. Petitioner is now requesting that the Court appoint substitute counsel to represent him in these proceedings. However, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (same).

The decision to appoint counsel for a federal habeas petitioner is within the discretion of the Court and is required only where the interests of justice or due process so require. *Mira v. Marshall*,

3

806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, then the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner alleges that the issues in his case are complex and numerous, that he has no training in legal procedures, and that he is unable to financially afford different counsel. However, Petitioner has been able to file these Motions, as well as previous Motions. On that basis, the Court finds that Petitioner has the means and ability to present his claims to the Court.

Furthermore, until the Court is able to review the Respondent's Answer and the Rule 5 materials, the Court is unable to determine whether counsel is necessary or required, or whether an evidentiary hearing is in order. Therefore, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Motion to Appoint Counsel will be denied without prejudice. Petitioner's Motion will be reconsidered if, after the Court reviews the Responsive Pleadings and the Rule 5 materials the Court determines that appointment of counsel is necessary, then counsel will be appointed. No further Motions need to be filed with respect to this issue.

### III. CONCLUSION

For the reasons stated, the Petitioner's "Motion to Lift Order Granting Petitioner's Motion to Stay Habeas Corpus Petition" [dkt. # 42] is GRANTED. The Clerk of the Court is directed to reopen this matter.

IT IS FURTHER ORDERED that Petitioner is directed to file an Amended Habeas Petition, adding the additional claims filed with the state court in his Second Motion for Relief from Judgment, within sixty days from the date of this Order.

IT IS FURTHER ORDERED that Respondent may file any Supplemental Pleadings and additional Rule 5 materials within sixty days from the date that he receives the Amended Habeas Petition, if he so chooses.

IT IS FURTHER ORDERED that Petitioner shall have forty-five days from the date that he receives any Supplemental Pleadings from Respondent in which to file a Reply Brief.

IT IS FURTHER ORDERED that Petitioner's "Motion to Appoint Substitute Counsel to Replace Retained Counsel" [dkt. # 41] is DENIED.

SO ORDERED.

Dated: 3-7-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE