**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE LEE MURRAY,

    Petitioner,                                            Case No. 2:06-13283
                                                          Honorable Paul D. Borman

v.

DAVID BERGH,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE RULE 5 MATERIALS

       Willie Lee Murray, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws § 750.316, two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e), two counts of kidnapping, Mich. Comp. Laws § 750.349, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and arson of an unoccupied dwelling, Mich. Comp. Laws § 750.73. Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, the motion for summary judgment is denied and respondent is ordered to file an answer addressing the merits of the petition within sixty days of the Court's order.

**I. BACKGROUND**

Petitioner was convicted of the above charges following a jury trial in the Genesee County Circuit Court. Direct review of petitioner's conviction ended in the Michigan courts on August 29, 1997, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Murray*, 456 Mich. 862, 568 N.W.2d 679 (1997).

On September 15, 1998, petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Murray*, 90-43067-FC (Genesee County Circuit Court, November 27, 2003). The Michigan Court of Appeals denied petitioner's application for leave to appeal. *People v. Murray*, No. 259509 (Mich.Ct.App. Aug. 16, 2005). The Michigan Supreme Court denied petitioner's post-conviction appeal on December 27, 2005. *People v. Murray*, 474 Mich. 978, 707 N.W.2d 202 (2005). Petitioner subsequently filed a writ of certiorari with the United States Supreme Court, which was denied on May 30, 2006. *Murray v. Michigan,* 547 U.S. 1166 (2006).

On July 20, 2006, petitioner filed his petition for writ of habeas corpus with this Court. On July 28, 2008, this Court held the petition in abeyance while petitioner returned to the state courts to exhaust additional claims. *Murray v. Prelesnik*, No. 2:06-CV-13283; 2008 WL 2922498 (E.D. Mich. July 28, 2008).

Petitioner filed a second motion for relief from judgment which was denied by the trial court. *People v. Murray*, 90-43067-FC (Genesee County Circuit Court, June 24, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. Murray,* No. 296537 (Mich.Ct.App. June 4, 2010); *lv. den.* 488 Mich. 1038, 793 N.W.2d 704 (2011).

On March 7, 2012, this Court granted petitioner's motion to lift the stay and permitted him to file an amended habeas petition. *Murray v. Prelesnik,* No. 06-CV-13283; 2012 WL 750085 (E.D. Mich. March 7, 2012).

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Michigan Supreme Court denied petitioner's application for leave to appeal from his appeal of right on August 29, 1997. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on November 27, 1997, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than November 27, 1998 in order for the petition to be timely filed.

Petitioner filed his motion for relief from judgment on September 15, 1998, after 292 days had elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending

in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). Because petitioner filed his post-conviction motion after two hundred and ninety two days had elapsed under the one year limitations, petitioner had seventy three days remaining to file his habeas petition with this Court following the conclusion of his state court proceedings.

The question for this Court is when petitioner's state post-conviction application ceased to be pending for purposes of § 2244(d)(2). At the time that petitioner's appeal from the denial of his first motion for relief from judgment was pending in the state courts, as well as at the time that he originally filed his petition for writ of habeas corpus on July 20, 2006, the law in the Sixth Circuit was that the AEDPA's limitations period should be tolled pursuant to § 2244(d)(2) while a petition for writ of certiorari seeking review of the state's final judgment on a petitioner's state post-conviction motion was pending in the United States Supreme Court. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003). Were the Court to use this measure, petitioner's habeas petition would be timely, because it was filed some fifty one days after the United States Supreme Court denied petitioner a writ of certiorari from the denial of his post-conviction motion.

Unfortunately for petitioner, on February 20, 2007, the United States Supreme Court issued its decision in *Lawrence v. Florida,* 549 U.S. 327, 332-35 (2007), in which the Supreme Court held that the one-year statute of limitations period is not tolled pursuant to § 2244(d)(2) during the pendency of a petition for certiorari to the United States Supreme Court which seeks review of the denial of state post-conviction relief. Under *Lawrence,* tolling of the limitations period ended on December 27, 2005, when the Michigan Supreme Court denied petitioner's post-conviction appeal. Because the petition for writ of habeas corpus was not filed until almost seven months later, the

5

petition is clearly untimely.

In his reply brief, petitioner argues, among other things, that the statute of limitations should be equitably tolled because he relied upon the Sixth Circuit's holding in *Abela* when he filed a petition for writ of certiorari with the United States Supreme Court following the denial of his post-conviction appeal by the Michigan Supreme Court.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner is entitled to equitable tolling of the limitations period in this case. At the time that petitioner filed his petition for writ of certiorari with the United States Supreme Court, Sixth Circuit precedent indicated that a habeas petitioner was entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) for the time that a petition for writ of certiorari which sought review of a state post-conviction motion was pending in the U.S. Supreme Court. *Lawrence* was not decided until long after petitioner had sought, and been denied, a writ of certiorari in the Supreme Court and some seven months after petitioner filed his petition for writ of habeas corpus. Because petitioner relied in good faith on the Sixth Circuit decision in *Abela* in seeking a writ of certiorari with the U.S. Supreme Court following the denial of his post-conviction appeal, petitioner

is entitled to equitable tolling of the limitations period. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588-89 (6th Cir. 2009); *Henderson v. Luoma*, 302 Fed. Appx. 359, 362 (6th Cir. 2008).

The Court will therefore deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within sixty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); *See also Corbin,* 156 F. Supp. 2d at 837.

The court also orders Respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

### III. ORDER

Accordingly, the Court **ORDERS** that the motion for summary judgment [Dkt. # 49] is **DENIED.**

The Court further **ORDERS** respondent to submit an answer addressing the merits of petitioner's habeas claims within **SIXTY DAYS** of the date of this order. Respondent is further ordered to file any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

**SO ORDERED**

s/Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated: June 18, 2013

7

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 18, 2013.

                s/Deborah R. Tofil
                Deborah R. Tofil